UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | Criminal Case No.  4:08-cr-00367-TLW-6 |
| vs. | ) | Civil Case No. 4:13-cv-03594-TLW |
| | ) | |
| Jermaine Lamont Rushing, | ) | ORDER |
| | ) | |
| Petitioner. | ) | |
| _____ | ) | |

This matter comes before the Court for consideration of the *pro se* Motion to Vacate, Set Aside, or Correct a Sentence Pursuant to 28 U.S.C. § 2255 filed by the Petitioner, Jermaine Lamont Rushing ("Petitioner"), on December 23, 2013. (Doc. #411). Petitioner entered a plea agreement on November 3, 2008, pleading guilty to Count 1 of the Indictment, which charged Petitioner with Conspiracy to Distribute 50 Grams or More of Cocaine Base, and 5 Kilograms or More of Cocaine, a violation of 21 U.S.C. § 846. (Docs. #1, 162). The Petitioner was sentenced to one-hundred and fifty-one (151) months on May 28, 2009. (Doc. #237).

Petitioner filed a document docketed as a "Memorandum of Law in Support of Motion pursuant to 28 U.S.C. 2255" on July 13, 2012. (Doc. #374). However, the Clerk issued a Deficiency Memo on July 19, 2012, notifying the Petitioner that the document was not signed and that any response due would be based on the filing date of the original document. (Doc. # 375). The Petitioner corrected the deficiency and the modified memorandum was added to the docket on July 30, 2012. (See Doc. # 375). On September 12, 2013, the Petitioner filed a *pro se* Motion to Amend/Correct his § 2255 petition. (Doc. #407). However, because at the time the Petitioner had filed only a memorandum in support of a § 2255 petition – not a §2255 petition – the Court entered an order on November 21, 2013, directing the Petitioner to file a petition on the

1

proper forms or forms substantially similar within 30 days from the date of the order. (Doc. #409). The order further noted that any proper § 2255 motion filed in the time allotted would be construed as filed on the filing date of the July 13, 2012 Memorandum. (Id.). In response to the order, Petitioner filed a § 2255 petition on December 23, 2013. (Doc. #411). The Court construes this petition as filed on the date of the July 13, 2012 memorandum. The Government filed a Response in Support of the § 2255 petition on January 30, 2014. (Doc. #415).

In his petition, Petitioner asserts that his sentence was improperly enhanced under 21 U.S.C. § 851. (Doc. #411). He received the § 851 enhancement based on two prior North Carolina convictions for possession of cocaine with intent to sell. (Doc. #415 at 1). However, in light of the Fourth Circuit Court of Appeals' holding in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) and Miller v. United States, 735 F.3d 141 (4th Cir. 2013), Petitioner asserts that these convictions do not qualify as felonies under federal law and that the § 851 enhancement was thus improperly applied. In its response in support of the Petitioner's § 2255 petition, the Government agrees with the Petitioner's assertion, waives any statute of limitations defense, and concedes that the Petitioner is entitled to a resentencing without the § 851 enhancement.

## 28 U.S.C. § 2255

United States Code, Title 28, Section 2255 provides that a prisoner in custody under sentence of a federal court may file a motion in the court that imposed the sentence to vacate, set aside, or correct the sentence. The statute states four grounds upon which such relief may be claimed: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; and (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C.A. § 2255. "Generally, 28 U.S.C. § 2255 requires [a] petitioner to

prove by a preponderance of the evidence that 'the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law.'" Leano v. United States, 334 F. Supp. 2d 885, 890 (D.S.C. 2004) (quoting 28 U.S.C. § 2255(a)).  In Leano, the district court noted that this is "the proof needed to allege a constitutional error," and that "[t]he scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'" Leano, 334 F. Supp. 2d at 890 (quoting United States v. Mikalajunas, 186 F.3d 490, 495-96 (4th Cir. 1999)).

## ANALYSIS OF CLAIMS

Title 21, Section 841(a)(1) implements enhanced sentences based on any prior "felony drug offense," provided the Government files an information with the court listing the predicate convictions. A "felony drug offense" is defined by § 802(44) as "an offense that is punishable by imprisonment for more than one year under any law… of a state… that prohibits or restricts conduct related to narcotic drugs…." Overruling earlier case law to the contrary, the Fourth Circuit held in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) that a North Carolina conviction is a crime punishable by imprisonment for more than one year only if the particular defendant is eligible for such a sentence.  649 F.3d at 247.

However, because Petitioner was sentenced prior to the Fourth Circuit's decision in Simmons, he must establish that the decision applies retroactively. See Bousley v. United States, 523 U.S. 614, 620 (1998). The Fourth Circuit considered whether Simmons applies retroactively in United States v. Miller, 735 F.3d 141 (4th Cir. 2013). In Miller, a defendant filed a motion to

3

vacate his conviction for being a felon in possession of a firearm. The defendant argued that Simmons provided a new substantive rule and should thus be applied retroactively. The Fourth Circuit agreed, making Simmons retroactively applicable to collateral review.

Because the Government waives any statute of limitations defense, the only remaining issue to consider is whether the Petitioner's North Carolina convictions were for crimes punishable by more than a year in prison. According to the Government's § 851 information, the Petitioner's sentence was enhanced based on two prior North Carolina convictions for Possession With Intent to Sell or Deliver Cocaine. For the first, a 2003 conviction, the Petitioner received an 8 – 10 month sentence; for the second, a 2008 conviction, Petitioner received a 10 – 12 month sentence. (Docs. #151, 233). The Government states that Petitioner could not have received a sentence of more than a year in prison for either conviction. Thus, under Simmons, neither conviction would qualify as a predicate for the § 841 enhancement. As a result, this Court finds that the Petitioner has shown by a preponderance of the evidence that his sentence was in excess of the maximum imposed by law.

## CONCLUSION

In light of the Government's position, it is reasonable to conclude that Petitioner should be resentenced. The Court hereby directs U.S. Probation to prepare and file a revised presentence report and directs the U.S. Magistrate Judge to appoint counsel for resentencing. Once the revised presentence report is available, this Court will reschedule the matter for resentencing.

**IT IS SO ORDERED**.

s/Terry L. Wooten_____
Chief United States District Judge

February 10, 2014
Columbia, South Carolina